UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEFFREY M. ROSENBAUM, ESQUIRE
1818 Market Street, Suite 3200
Philadelphia, PA 19103
(215)569-0200

| | |
|---|---|
| MICHAEL ASIMOS & VICTORIA ASIMOS, as h/w<br>256 Farm Road<br>Haverford, PA 19041<br>            Plaintiffs<br>vs.<br><br>USAA INSURANCE COMPANY<br>P.O. Box 5000<br>Daphne, AL 36526<br>and<br>JAMES RIVER INSURANCE COMPANY<br>P.O. Box 26748<br>Richmond, VA 23261<br><br>            Defendants | : <br>: <br>: JURY TRIAL DEMAND<br>: <br>: <br>: <br>: <br>: <br>: NO:<br>: <br>: <br>: <br>: <br>: <br>: <br>: |

## CIVIL ACTION- MOTOR VEHICLE ACCIDENT

## JURISDICTION AND VENUE

1. The plaintiffs, Michael Asimos and Victoria Asimos, are adult individuals and citizens of the Commonwealth of Pennsylvania, with their domicile being 256 Farm Road, Haverford, Pennsylvania 19041. At all times relevant hereto plaintiff, Michael Asimos, was a passenger in an Uber vehicle being operated by Dalzar Saleem Mustafa.

2. The defendant, USAA Insurance Company, is a Texas corporation with a principle place of business located at 9800 Fredericksburg Road, San Antonio, TX 78288 and at all times relevant hereto provided automobile liability insurance and uninsured/underinsured motorists benefits for Michael Asimos, who is an

insured under said insurance policy. Defendant is in possession of the declarations page of the applicable insurance policy.

3. The defendant, James River Insurance Company, is a New Jersey corporation, with a place of business located at 6641 West Broad Street, #300, Richmond, VA 23230 and at all times relevant hereto provided automobile liability insurance and uninsured/underinsured motorists benefits for Michael Asimos, who was a passenger in an Uber vehicle at the time of the accident herein. Defendant is in possession of the declaration page of the applicable insurance policy.

4. The jurisdiction of the court is hereby invoked pursuant to United States Code, Title 28, Sec. 1332, which states that the District Court shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

5. Venue is sought in the United States District Court of the Eastern District of Pennsylvania pursuant to United States Code, Federal Statute, Title 28, Sec. 1391(a)(2), which states that a civil action wherein jurisdiction is founded on diversity of citizenship may, except as otherwise provided by law, be brought in the judicial district where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

6. At all times relevant hereto, the defendants were acting through their agents, servants and/or employees within the course and scope of their employment, and the doctrine of <u>Respondeat Superior</u> is invoked herein.

7. At all times relevant hereto, all defendants were acting as the agents, servants, workmen and/or employees of all other named defendants.

## STATEMENT OF CLAIM

8. On or about the 16th day of July, 2019, at or about 4:00 p.m., Sherry Keith Morgan was operating her vehicle on Route 66/Federal Highway, Arlington, Virginia, when said motor vehicle was so carelessly and negligently operated and controlled that she struck the rear of the Uber vehicle, causing a chain reaction collision, as a result of which caused the plaintiff, a passenger in the Uber vehicle, to sustain severe and serious injuries as more fully set forth hereinafter.

9. Plaintiff avers that the aforesaid collision was caused by the negligence of Sherry Keith Morgan as aforesaid, as follows:

   a. Operating said motor vehicles at an excessive rate of speed under the circumstances;

   b. Failing to operate said motor vehicles with due regard for the rights, safety, points and position of the motor vehicle occupied by the plaintiff;

   c. Failing to avoid said collision;

   d. Failing to keep a proper lookout for traffic;

   e. Negligently striking the rear of another vehicle;

   f. Following too closely;

   g. Failing to maintain defendants' vehicles in an operable/safe condition;

   h. Negligently entrusting the operation of a motor vehicle to a person defendants knew or should have known would not properly operate said motor vehicle;

   i. Negligently using a distracting electronic device, including but not limited to talking and/or texting on a cell phone; and,

   j. Failing to heed existing traffic patterns.

## COUNT I

## PLAINTIFF, MICHAEL ASIMOS, vs. DEFENDANT, USAA INSURANCE COMPANY

10. The plaintiff, Michael Asimos, hereby incorporates by reference herein the allegations contained in the preceding paragraphs of this Complaint as though same were fully set forth at length herein.

11. Solely because of the negligence of the uninsured/underinsured vehicles acting as aforesaid, the plaintiff was caused to sustain serious physical injury in and about the person, including but not limited to plaintiff's neck, shoulder and back, as well as a severe shock to the nerves and nervous system and was or may have been otherwise injured, whereby plaintiff has suffered and may continue to suffer in the future.

12. Plaintiff may have sustained other injuries and pre-existing conditions may have been aggravated.

13. Plaintiff avers that some or all of the injuries sustained may be or are of a permanent nature and character.

14. As a further result of the aforesaid accident, plaintiff has been unable in the past, and is likely to continue to be unable in the future, to attend to plaintiff's usual duties, activities, vocations and avocations, all to plaintiff's great financial loss and detriment.

15. As a further result of the aforesaid accident and resultant injuries, plaintiff has expended and is in the future likely to expend substantial sums of monies for the care, treatment and attempted cure of plaintiff's injuries, all to plaintiff's great financial loss and detriment.

16. As a further result of the aforesaid accident and resultant injuries, plaintiff has been caused to undergo in the past and is likely to undergo in the future, severe pain, suffering, inconvenience and embarrassment, all to plaintiff's great financial loss and detriment.

17. Plaintiff is entitled to full tort benefits in this matter, or in the alternative, no tort limitations limit plaintiff's claim in any way.

18. The defendant, USAA Insurance Company, is and was duly licensed to engage in the Commonwealth of Pennsylvania in the sale, issuance and distribution of policies of automobile insurance providing various forms of coverage to drivers, passengers and owners of automobiles in this Commonwealth.

19. The defendant, USAA Insurance Company, did issue to Michael Asimos, for consideration an insurance policy which provided, pursuant to Pennsylvania Law, for uninsured/underinsured motorist coverage and that under said coverage, the defendant agreed to pay all sums which the insured and/or lawful occupants of the insured's vehicle would legally be entitled to recover as damages from the owner and/or operator of an uninsured/underinsured motor vehicle because of bodily injury sustained by their insured and/or lawful occupants of the insured's vehicle.  Defendant is in possession of the declaration page of the applicable insurance policy.

20. The defendant, USAA Insurance Company, is therefore liable to the plaintiff for his injuries, damages and losses aforesaid, caused by reason of the negligence and carelessness of the operators of the uninsured/underinsured

vehicles.

21. Plaintiff, Michael Asimos, has fully complied with all provisions of the insurance policy to date, but in spite of such compliance the defendant, USAA Insurance Company, has refused to properly negotiate a reasonable settlement for the injuries and damages sustained in the aforesaid automobile accident pursuant to its policy and contract of insurance which covers the plaintiff, Michael Asimos.

**WHEREFORE,** plaintiff, Michael Asimos, demands judgment against defendant, USAA Insurance Company, jointly and severally, in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## COUNT II

### PLAINTIFF, MICHAEL ASIMOS, vs. DEFENDANT, JAMES RIVER INSURANCE COMPANY

22. The plaintiff, Michael Asimos, hereby incorporates by reference herein the allegations contained in the preceding paragraphs of this Complaint as though same were fully set forth at length herein.

23. Solely because of the negligence of the uninsured/underinsured vehicles acting as aforesaid, the plaintiff was caused to sustain serious physical injury in and about the person, including but not limited to plaintiff's neck, shoulder and back, as well as a severe shock to the nerves and nervous system and was or may have been otherwise injured, whereby plaintiff has suffered and may continue to suffer in the future.

24. Plaintiff may have sustained other injuries and pre-existing conditions may have been aggravated.

25. Plaintiff avers that some or all of the injuries sustained may be or are of a permanent nature and character.

26. As a further result of the aforesaid accident, plaintiff has been unable in the past, and is likely to continue to be unable in the future, to attend to plaintiff's usual duties, activities, vocations and avocations, all to plaintiff's great financial loss and detriment.

27. As a further result of the aforesaid accident and resultant injuries, plaintiff has expended and is in the future likely to expend substantial sums of monies for the care, treatment and attempted cure of plaintiff's injuries, all to plaintiff's great financial loss and detriment.

28. As a further result of the aforesaid accident and resultant injuries, plaintiff has been caused to undergo in the past and is likely to undergo in the future, severe pain, suffering, inconvenience and embarrassment, all to plaintiff's great financial loss and detriment.

29. Plaintiff is entitled to full tort benefits in this matter, or in the alternative, no tort limitations limit plaintiff's claim in any way.

30. The defendant, James River Insurance Company, is and was duly licensed to engage in the Commonwealth of Pennsylvania and the Commonwealth of Virginia in the sale, issuance and distribution of policies of automobile insurance providing various forms of coverage to drivers, passengers and owners of automobiles.

31. The defendant, James River Insurance Company, did issue, for consideration an insurance policy which provided for uninsured/underinsured motorist coverage

for the Uber vehicle involved herein, and that under said coverage, the defendant agreed to pay all sums which the insured and/or lawful occupants of the insured's vehicle would legally be entitled to recover as damages from the owner and/or operator of an uninsured/underinsured motor vehicle because of bodily injury sustained by their insured and/or lawful occupants of the insured's vehicle. Defendant is in possession of the declaration page of the applicable insurance policy.

32. The defendant, James River Insurance Company, is therefore liable to the plaintiff for his injuries, damages and losses aforesaid, caused by reason of the negligence and carelessness of the operators of the uninsured/underinsured vehicles.

33. Plaintiff, Michael Asimos, has fully complied with all provisions of the insurance policy to date, but in spite of such compliance the defendant, James River Insurance Company, has refused to properly negotiate a reasonable settlement for the injuries and damages sustained in the aforesaid automobile accident pursuant to its policy and contract of insurance which covers the plaintiff, Michael Asimos.

**WHEREFORE,** plaintiff, Michael Asimos, demands judgment against defendant, James River Insurance Company, jointly and severally, in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

<u>COUNT III</u>

<u>PLAINTIFF, VICTORIA ASIMOS, vs. ALL DEFENDANTS</u>

34. The plaintiff, Victoria Asimos, hereby incorporates by reference herein the allegations contained in the preceding paragraphs of this Complaint as though same were fully set forth at length herein.

35. Plaintiff avers that she is the spouse of plaintiff, Michael Asimos.

36. As a result of the aforementioned occurrence, said plaintiff has been and may in the future be required to expend various sums of money for medical services, medicines and/or x rays in an effort to treat and cure the spouse of the injuries sustained in the occurrence and has incurred or may incur other losses for which plaintiff is entitled to be compensated.

37. Further, by reason of the aforesaid, said plaintiff has been deprived of the assistance and society of the spouse, all of which has been to the great financial damage and loss of plaintiff.

WHEREFORE, plaintiff, Victoria Asimos, demands judgment against defendants, USAA Insurance Company and James River Insurance Company, jointly and severally, in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

ROSENBAUM AND ASSOCIATES, P.C.

By:_____
JEFFREY M. ROSENBAUM, ESQUIRE
Attorney for Plaintiff

DATE:_____